**Damon Thomas**
2812 Hillcrest Parkway
Temple Hills, MD 20748

          Plaintiff

v.

District of Columbia Public Schools,
Dr. Lewis B. Ferebee, Chancellor
1200 First Street, NE
Washington, DC 20002

District of Columbia,
Mayor Bowser
1350 Pennsylvania Avenue NW,
Washington, DC 20004

Office of the Attorney General for the
District of Columbia
400 6th St NW, Washington, DC 20001

          Defendants

Case: 1:22-cv-01269
Assigned To : Unassigned
Assign. Date : 5/9/2022
Description: Employ. Discrim. (H-DECK)

## COMPLAINT

      Plaintiff, Damon Thomas, brings this action under the American with Disabilities Act –

As Amended, the Rehabilitation Act, and the District of Columbia Human Rights Act, against

the District of Columbia, for disability discrimination, alleging as follows:

### I. NATURE OF ACTION

      1.    This failure to accommodate action is brought pursuant to:

          a.    Title VII of the Civil Rights Act of 1964, as amended.  The jurisdiction of this

Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201

**RECEIVED**

MAY – 9 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

and 2202.

      b.  The "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991.

      c.  The Americans with Disabilities Act – As Amended (ADA-AA), 42 U.S.C. § 12101 et. seq.

      d.  The Rehabilitation Act (Section 504), 29 U.S.C. § 794(a) et. seq.

## II.    PARTIES

2.    Damon Thomas (hereinafter "Plaintiff" or "Mr. Thomas") is a resident of Maryland with a mailing address of 2812 Hillcrest Parkway, Temple Hills, MD 20748. Mr. Thomas is an employee of the District of Columbia, as affirmed by an email communication from Melody Miller dated March 4, 2022.

3.    The District of Columbia (hereinafter "Defendant" or "City") is a municipality with numerous branches and departments, several for which Plaintiff served as an employee, including the District of Columbia Public Schools and District of Columbia Department of Behavioral Health.

## III.    JURISDICTION

4.    This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this action is one arising under the federal civil rights laws.

5.    Venue is proper in this judicial district as pursuant to 28 U.S.C. § 1391(e)(1)(A) and (C), as this is an action against the United States and does not involve real property.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Plaintiff has exhausted his administrative remedies. The EEOC has issued a right to sue letter on February 9, 2022 (see attached).

## V.  EQUITABLE TOLLING

7.  The disability for which Mr. Thomas has been discriminated against happened during a work related incident on or about ----- 2018. The statute of limitations to bring a formal charge through EEOC is 180 days. Mr. Thomas requests this Court recognize that equitable tolling is appropriate in this matter. Under the equitable tolling doctrine, EEO deadlines should only be tolled when a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). The Supreme Court has instructed that such relief should be extended "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); *see also* 29 C.F.R. § 1614.604(c). It is not available, for example, for "a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. *Hall v. DOC*, Civil Action No. 1:16-cv-01619 (EGS/GMH), 2017 U.S. Dist. LEXIS 220509, at *28 (D.D.C. Aug. 22, 2017).

8.  Evidence will support that Mr. Thomas thoughtfully communicated with employer throughout and that he required support or an alternative position due to the work-related injury. DCPS met Mr. Thomas's requests with silence and non-answers. DCPS should have recognized the communications and pleas for support as requests for reasonable accommodations. Instead, DCPS remained silent as to the issues of reasonable accommodations. . The extraordinary circumstances in this matter were the ongoing, bifurcated OAH hearings, the denial of benefits and out-of-pocket pursuit of continued treatment for his on-the-job injury, the mishandling of Plaintiff's request for accommodation, all of which Mr. Thomas was forced to deal with without pay and without notice from employer. Based on Plaintiff's inability to obtain

"vital information bearing on the existence of this claim" despite "all due diligence", the doctrine of tolling should be used to calculate the last date of discrimination.

9.      While employee's pursuit of administrative remedies alone are not enough to toll the statute of limitations, the bifurcation of charges into multiple hearings, causing Plaintiff double the logistical burden, the ongoing purposeful confusion and miscommunication between departments and offices without resolution or accommodation, and the constant delay of procedure are all extraordinary inequitable conduct at the hand of Defendant that has impacted Plaintiff's ability to pursue his rights. *Adams v. D.C.*, 740 F. Supp. 2d 173 (D.D.C 2010).

10.     It is our position that this discrimination is ongoing but that Plaintiff's July 12, 2021 email plea and subsequent inaction was a discrete discriminatory act. "As the Supreme Court has said: "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l. R.R. Passenger Corp. v. Morgan*, 536 U.S. at 113; see *Rand v. Geithner*, 609 F/ Supp. 2d 97, 101 (D.D.C. 2009); *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 137 (D.D.C 2004). Equitable estoppel "precludes a defendant because of his own inequitable conduct from invoking [a] statute of limitation." *Chung v. U.S. Dept. of Justice*, 333 F. 3d 273, 278, 357, U.S. App. D.C. 152 (D.C. Cir. 2003). Under the equitable estoppel doctrine, the limitations period can be tolled when a defendant has taken active steps to prevent a claimant from litigating its claims in time. *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 (D.C.Cir.2003), citing *Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C.Cir.1998). "Equitable estoppel precludes a defendant, because of his own inequitable conduct—such as promising not to raise the statute of limitations defense—from invoking the statute of limitations." *Id.* Although a plaintiff need not plead equitable estoppel in the complaint because it is an "affirmative defense that [the] defendant must prove," the plaintiff must set forth sufficient facts to justify the application of the equitable

estoppel doctrine if a "defendant raises the statute of limitations as a defense." *Firestone,* 76 F.3d at 1210. *Bartlett v. Overslaugh,* 169 F. Supp. 3d 99, 106 (D.D.C. 2016)

11. "equitable estoppel tolls the statute of limitations for only so long "as is necessary to prevent the defendant from benefiting from his misconduct." *Chung v. DOJ*, 333 F.3d 273, 279 (D.C. Cir. 2003)." *Ekemezie v. CVS Pharmacy, Inc.,* 316 F. Supp. 3d 489, 497 (D.D.C. 2018).

12. DCPS did not fulfill its obligations under Title VII and/or the ADA by giving notice to Mr. Thomas of his rights under either law. Notice, such as attached as Exhibit ---, must be placed in a conspicuous location. Mr. Thomas does not recall receiving any electronic version of his rights or paper version at any time during his employment. It was not until July 2021 that he learned that a formal charge could be made against DCPS, and when he asked for a referral to the EEO office, the request was denied.

13. Plaintiff's statutory right to bring a civil action vested on or about February 9, 2022 upon receipt of the right to sue letter and the right to sue is recognized for 90 days from receipt of that letter. Plaintiff is within his right to pursue this action.

## V.    FACTS SUPPORTING ALLEGATIONS

14. Mr. Damon Thomas began working as a Special Police Officer (SPO) with the District of Columbia Public Schools in 2015. He was an excellent employee with an exceptional service record.

15. On March 27, 2018, after working mandatory overtime from 3pm until 11pm, Mr. Thomas requested leave to prepare for and get rest in anticipation of a gun training the following morning. This request was denied.

On March 28, 2018, Mr. Thomas attended the gun training and accidentally discharged the

firearm while cleaning it. The bullet struck his left hand, his dominant hand, and he was transported to Howard University Hospital. During the initial treatment, he was ridiculed by fellow officers, misidentified by hospital staff as a prisoner, mistreated by nurses, students, and interns, given stitches twice, and given the wrong medication, which caused an overdose.

On April 20, 2018, Plaintiff had the first surgery on his left hand. On August 15, 2018, he returned to light duty with the District of Columbia Department of Behavioral Health.

16. On September 17, 2018, the Office of Risk Management ("ORM") issued a Notice of Determination terminating Plaintiff's medical benefits based on his return to work. On October 4, 2018, Plaintiff filed an Office of Administrative Hearings ("OAH") appeal for reinstatement of medical benefits. Other issues included in the pending OAH matter are overpayment, medical benefits being terminated, Vocational Rehabilitation, and back pay and missing checks. An OAH Administrative Law Judge ("ALJ") dismissed Plaintiff's appeal and issued a final order granting summary judgment for lack of subject matter jurisdiction. Plaintiff appealed this decision to the Compensation Review Board ("CRB") which determined the ALJ dismissal was in error and ordered the matter back to OAH.

17. On January 28, 2019, Plaintiff underwent a second surgery with Dr. Noah Raizman as a result of aggravation to his hand caused by light duty work.

18. On March 18, 2019, there was an OAH determination that Mr. Thomas was overpaid by $1284.81. On May 31, 2019, a final order was issued of March 18, 2019 determination. On June 28, 2019, Claimant filed an Application for Review with Compensation Review Board of the overpayment decision.

19. On June 13, 2019, Plaintiff was authorized to return to work by the Office of Risk

Management.

20. On March 4, 2020, Cpt. Michael Alston of DCPS notified PSWCP that permanent work restrictions could not be accommodated. See attached.

21. June 24, 2020 was Plaintiff's understood last day. This was later postponed to July 17, 2020, when Plaintiff was informed that his 'career [was] terminated.'

22. On July 30, 2020, a Notice of Termination of Eligibility for Temporary Disability Wage-Loss Benefits & Enrollment in Vocational Rehabilitation was issued to Plaintiff. A Notice of Termination of Medical Benefits was issued on September 2, 2020.

23. On July 12, 2021, Plaintiff sent an email requesting for help, specifically EEOC and ADA accommodations to Jed Ross, Melody Miller (DCPS, ADA manager), and others. He communicated that he had not received any off-boarding information, did not have access to his 401(a), and that generally he had not been accommodated by the District of Columbia during his employment. This communication was not honored with action by the District of Columbia, and he continued to be met with silence instead of reasonable accommodation.

24. On February 2, 2022, Plaintiff filed his EEOC complaint. On February 9, 2022, EEOC issued a dismissal due to expiration of time and issued a Notice of Rights signed by Sung Ho Kim on behalf of Mindy Weinstein.

25. On February 21, 2022, Mr. Thomas issued another request for ADA accommodation and offboarding benefits.

26. On March 4, 2022, Mr. Thomas received an email from DCPS stating that Mr.

Thomas is still in their system as an active employee.

27.    On April 29, 2022, OAH held a hearing for the limited scope gunshot matter, the subject matter of which is contained in section 14 of the above. The case is currently at deposition stage, but depositions have not been scheduled. Another hearing for this matter has been scheduled for June 27, 2022. In addition, two OAH hearings have been set for June 2, 2022, and August 11, 2022 resulting from Plaintiff's contracting COVID-19 while serving as security at St. Elizabeth Hospital. Both charges were brought at the same time, yet they were split into separate hearings. Throughout these hearings, numerous delays at the hand of Defendant have contributed to confusion of the process, cherry picking of claims, and further complication of Plaintiff's ability to exercise his rights.

28.    Beginning after his injury and continuing into the present, Plaintiff suffers from very significant limited motion of the left index, middle, and ring fingers and subsequent tenolysis, mildly limited motion of his left small finger, signs and symptoms of pain, hypersensitivity of left elbow, forearm, and wrist, and functional deficits of instrumental activities of daily living.

29.    Plaintiff believed, based on information provided to him by DCPS and the District of Columbia, that because he was unable to perform his job after the injury that his only avenue for recompense was through Worker's Compensation Benefits or in requesting placement in a different position through the District of Columbia.

VI.    CLAIMS

**CLAIM ONE**
**DISABILITY DISCRIMINATION**
**ADA-AA**

**THOMAS V. DISTRICT OF COLUMBIA**
**COMPLAINT**
**Page 8 of 15**

30. Plaintiff incorporates all preceding paragraphs by reference as if set out in full herein.

31. The Americans with Disabilities Act provides that a covered employer shall not "discriminate" against a disabled individual because of his disability. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4. The Disabilities Act prevents employers from taking adverse employment actions against those with a disability.

32. Mr. Thomas has not been provided reasonable accommodations and has not been notified of his rights under ADA. He has also been kept in the dark about his employment status, his rights, and has not received pay. Because he was not technically terminated, he was precluded from obtaining unemployment benefits; however he has been constructively dismissed from employment as a result of his disability and has been precluded from obtaining benefits of employment as well, specifically wages.

33. Plaintiff is entitled to any and all relief permitted under the ADA-AA, 42 U.S.C. § 12117(a), including equitable relief.

34. WHEREFORE, Plaintiff, Damon Thomas, respectfully requests entry of:

   a. judgment in his favor and against Defendant for violation of the anti- discrimination provisions of the ADA-AA;

   b. judgment in his favor and against Defendant for actual and compensatory damages, including lost earnings, pain and suffering, medical expenses, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

   c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

   d. judgment in his favor and against Defendant for punitive damages; and

e. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## CLAIM TWO
## DISABILITY DISCRIMINATION
## SECTION 504 OF THE REHABILITATION ACT

35. Plaintiff incorporates all preceding paragraphs by reference as if set out in full herein.

36. The Rehabilitation Act protects individuals with a **disability**, defined **as** someone who (1) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 29 C.F.R. § 1630.2(g).

37. Mr. Thomas is suffering from a permanent partial disability to his dominant hand. This disability impairs several major life activities, including writing, typing, cooking, wiping after using the restroom, and other activities that require two hands and a dominant hand. This disability has been documented by several doctors. The injury to Mr. Thomas' hand satisfies the first two prongs of establishing a disability under the Rehabilitation Act. The above discrimination and failure to accommodate is in direct violation of the Rehabilitation Act. Any accommodation would not be unduly burdensome or costly to the Defendant. Limited duty positions exist and could be conceived and placement could be enacted without undue hardship to the Defendant.

38. Plaintiff is entitled to any and all relief permitted under the SECTION 504 OF THE REHABILITATION ACT including equitable relief.

39. WHEREFORE, Plaintiff, Damon Thomas, respectfully requests entry of:

a. judgment in his favor and against Defendant for violation of the anti- discrimination

provisions of SECTION 504;

b. judgment in his favor and against Defendant for actual and compensatory damages, including lost earnings, medical expenses, pain and suffering, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against Defendant for punitive damages; and

e. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**CLAIM THREE**
**DISABILITY DISCRIMINATION**
**DCHRA**

40. Plaintiff incorporates all preceding paragraphs by reference as if set out in full herein.

41. The DCHRA makes it an "unlawful discriminatory practice" for an employer to discharge an employee "wholly or partially for a discriminatory reason based upon [a] . . . disability. . .." D.C. Code § 1-2512 (a) (1999), recodified at D.C. Code § 2-1402.11 (a) (2001). The DCHRA then defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual having a record of such an impairment" D.C. Code § 1-2502 (5A) (1999), recodified at D.C. Code § 2-1401.02 (5A) (2001). Because the DCHRA definition of "disability" closely resembles the definition of disability found in the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102 (2) (2000), "[w]e have considered decisions construing the ADA as persuasive in our decisions construing comparable sections of [the] DCHRA ." *Grant*, 786 A.2d at 583-84; *see also Howard Univ. v. Green*, 652

A.2d 41, 45 (D.C. 1994); *Arthur Young Co. v. Sutherland*, 631 A.2d 354, 367-68 (D.C. 1993). See *Chang v. Institute for Public-Private P'Ships*, 846 A.2d 318, 324 (D.C. 2004).

42. While Mr. Thomas is still technically regarded as an active employee, he has not been staffed within a modified or limited duty capacity since July 17, 2020. His request for ADA accommodations on July 12, 2021 has presently gone unanswered. He has been constructively terminated and continues to be subject to adverse employment action for purposes of the protections under DCHRA.

43. To adequately plead discriminatory treatment under the DCHRA… Plaintiff must establish that 1). [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *McCaskill v. Gallaudet Univ.*, 36 F. Supp. 3d 145, 152 (D.D.C. 2014).

44. One protected class enumerated under the DCHRA is disability status. Mr. Thomas has permanent partial disability in his left hand resulting in "very significant limited motion" and functional deficits of instrumental activities of daily living. The failure to accommodate Mr. Thomas since July 17, 2020 and continuing failure of DCPS to accommodate is an adverse employment action. Further, the failure to DCPS to accommodate Mr. Thomas can be directly linked to his on-the-job injury, evidenced by the March 4, 2020 communication by Cpt. Michael Alston suggesting that accommodations were unavailable. At a minimum, the causal connection can be inferred.

45. Plaintiff is entitled to any and all relief permitted under the DCHRA including equitable relief.

46. WHEREFORE, Plaintiff, Damon Thomas, respectfully requests entry of:

a. judgment in his favor and against Defendant for violation of the anti- discrimination

provisions of DCHRA;

b. judgment in his favor and against Defendant for actual and compensatory damages, including lost earnings, medical expenses, pain and suffering, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against Defendant for punitive damages; and

e. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## CLAIM FOUR
## DISABILITY DISCRIMINATION
## TITLE VII

47. Plaintiff incorporates all preceding paragraphs by reference as if set out in full herein.

48. As in a Title VII action, plaintiff cannot bring claims in a lawsuit that were not included in his EEO charge. *See Spence v. Straw,* 54 F.3d 196 (3d Cir. 1995). This requirement "provides the charged party with notice of the claim and helps `narrow the issues for prompt adjudication and decision.'" *Christopher v. Billington,* 43 F. Supp.2d 39, 47 (D.D.C. 1999) (quoting *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 472 n. 325 (D.C. Cir. 1976)). However, because most EEOC charges are articulated by laypersons, courts have granted Title VII plaintiffs significant leeway in fulfilling this requirement. *See, e.g., Cheek v. Western Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). Therefore, "[a]ll Title VII claims set forth in a complaint are cognizable that are `like or reasonably related to the allegations of the [EEO]

charge and grow out of such allegations'" *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976) (internal citations omitted)). This requirement is satisfied if (1) there is a reasonable relationship between the allegations in the EEO charge and the civil complaint; and (2) the civil claim can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.* With respect to this second prong, the Seventh Circuit in *Cheek* explained that to be reasonably related, the claims must have a factual relationship between them, *i.e.,* they must "describe the *same conduct* and implicate the *same individuals." Id.* at 501 (emphasis in original). *Mack v. Strauss,* 134 F. Supp. 2d 103, 108-09 (D.D.C. 2001) See *Douglas v. Dist. of Columbia Hous. Auth.,* 981 F. Supp. 2d 78, 87 (D.D.C. 2013).

49.     Plaintiff attempted resolution via administrative remedies. He brought all known charges to the EEOC involving both the gunshot wound to the hand and contracting COVID-19. The charges in this Complaint all arise out of a common nucleus of operative fact, namely the disability discrimination and ongoing adverse employment actions after Plaintiff's on-the-job injury.

50.     Plaintiff is entitled to any and all relief permitted under the DCHRA including equitable relief.

51.     WHEREFORE, Plaintiff, Damon Thomas, respectfully requests entry of:

a.  judgment in his favor and against Defendant for violation of the anti- discrimination provisions of DCHRA;

b.  judgment in his favor and against Defendant for actual and compensatory damages, including lost earnings, medical expenses, pain and suffering, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against Defendant for punitive damages; and

e. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## VII. CONCLUSION

WHEREFORE, Plaintiff DAMON THOMAS, asks this Court to find in favor of his allegations and award all such remedies in equity and at law that this Court deems appropriate.

Date: May 8, 2022,

Respectfully submitted,

**Damon Thomas**